IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.      Case No. 2:17-mj-020

    Magistrate Judge Elizabeth P. Deavers

**CARLOS ALREDO MILLAN-CORONEL,**

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Dismiss for Violation of Speedy Trial Statute (ECF No. 5), the United States' Opposition (ECF No. 7), and Defendant's Reply (ECF No. 8). For the reasons that follow, Defendant's Motion is **DENIED**.

### I.

On January 20, 2017, the United States filed a Criminal Complaint in this Court charging Defendant, Carlos Millan-Coronel, with conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(1), and 846. (ECF No. 1.) At the time the Criminal Complaint was filed, Mr. Millan-Coronel had been in state custody in Indiana since his arrest on September 20, 2016 for resisting law enforcement, leaving the scene of an accident with serious bodily injury, and possession of cocaine. The state court in Indiana held him in custody on these charges.

On April 11, 2017, Mr. Millan-Coronel was transferred to federal custody in the Southern District of Indiana. There, he appeared before a United States Magistrate Judge for an initial appearance pursuant to Federal Rule of Criminal Procedure 5(c)(3). (ECF No. 3-1.) At that

initial appearance, the United States made an oral motion for the defendant's detention.[1] Mr. Millan-Coronel executed a waiver of his preliminary and detention hearings in the Southern District of Indiana and requested that any such hearings to which he may be entitled "be held in the prosecuting district, at a time set by that court." (ECF No. 3-3.) The Court then ordered Defendant remanded to the custody of the United States Marshals Service for transfer to the Southern District of Ohio. (ECF No. 3-2.)

At some point between April 11, 2017 and August 9, 2017, Mr. Millan-Coronel arrived in the Southern District of Ohio and was kept in the custody of the United States Marshals Service.

On August 9, 2017, this Court became aware that Defendant was present in the Southern District of Ohio.[2] The Court immediately arranged for the appointment of counsel, advised the Government, and scheduled preliminary and detention hearings for the next day, August 10, 2017. The parties appeared for those hearings at which counsel for Mr. Millan-Coronel requested and received a continuance of the proceedings so that he could confer with his client. (ECF No. 4.)

---

[1] In his Reply, Defendant contends that the Rule 5 documents from the Southern District of Indiana "do not disclose an 'oral motion' by the government for detention during the April 11, 2017 first appearance." (Def's Reply, ECF No. 8, at p. 2.) The Court has obtained the transcript from the initial appearance and confirmed that the Government orally sought detention on the basis of both risk of flight and danger to the community, noting that the presumption of detention applied. (ECF No. 10.)

[2] Defendant's counsel represents that the Marshals Service informed him that Defendant arrived in this District on April 20, 2017. (Def's Reply, ECF No. 8, p. 3.) The Court, through its own inquiries, has been unable to determine what exactly happened to cause the delay in the Court becoming aware that Defendant was in this District, other than to note an apparent breakdown in communication between the Court and the Marshals Service.

On August 14, 2017, the Court conducted the preliminary and detention hearings. The Court found that probable cause exists to support the charge in the Criminal Complaint and granted the Government's pretrial motion for Defendant's detention. (ECF No. 6.)

This matter is now before the Court for consideration of Defendant's Motion to Dismiss the Complaint with prejudice. Defendant contends that more than 30 days have lapsed since his arrest on the charge in the instant Criminal Complaint. He maintains that, even factoring in the delay in transferring him from Indiana, the statutory time limit to bring an information or indictment against him has been exceeded. Accordingly, Defendant seeks dismissal of the charge against him. To the extent the Court grants his request, Defendant seeks dismissal with prejudice. He argues that the statutory factors which the Court must consider way in favor of dismissal with prejudice as opposed to a dismissal without prejudice.

The United States, on the other hand, contends that there has been no violation of the Speedy Trial Act in this matter. The Government maintain that the Speedy Trial clock has been tolled since April 11, 2017, as a result of the United States' pretrial motion in the Southern District of Indiana for Defendant's detention and his subsequent transfer to this District.

## II.

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." 18 U.S.C. § 3161(b). The Act further provides that "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). As pertinent here, subsection (h)(1)requires the

automatic exclusion of "[a]ny period of delay resulting from other proceedings concerning the defendant . . . ." Included among the automatically-excused delays are those resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on . . . such motion," and "any proceeding relating to the transfer of a case or the removal of any defendant from another district. . . ." 18 U.S.C. §§ 3161(h)(1)(D) and (E). The time resulting from the filing of a pretrial motion falls within the Speedy Trial Act's exclusion for such filings "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011) (citing 18 U.S.C.A. § 3161(h)(1)(D)); *see also Bloate v. United States*, 559 U.S. 196 (2010) (holding based in part on the view that the exclusion applies "automatically" to the specified period of delay); *Henderson v. United States*, 476 U.S. 321, 327 (1986) (rejecting contention that exclusion provision for pretrial motions governs only "reasonable delays."). In computing the thirty-day period, the day of the event that triggers the period is excluded. Fed. R. Crim. P. 45(a)(1)(A).

## III.

The Court concludes that the delays in this case, while extraordinarily long, are excludable under the Speedy Trial Act.[3] Defendant first appeared in the Southern District of Indiana on April 11, 2017. The transcript of the hearing confirms that the United States did move for detention and that Defendant requested that his preliminary and detention hearings be

---

[3]Because the Court reaches this conclusion, it does not turn to the predicate matter of whether the charges against Defendant should be dismissed with or without prejudice. The Court emphasizes, however, the delay in this case, which the United States concedes was longer than average duration, was not caused by any dilatory tactics by the United States Attorney's Office. As far as the Court can glean, the delay was attributable to a communication error between the Marshals Service and the Court. The Court is undertaking a review of its policies and contemplating measures to ensure that this situation does not occur again.

4

conducted in the Southern District of Ohio. (ECF No. 10.) He was thereafter removed and transported to Ohio. Under the circumstances of this particular case, the issue of Mr. Millan-Coronel's detention, which the Government raised by way of pretrial motion on April 11, 2017, remained pending until the conclusion of the hearing on that motion in this Court on August 14, 2017. The entire period of time, "from the filing of the motion through the conclusion of the hearing on . . . such motion," is automatically excluded under the Speedy Trial Act, regardless of whether the hearing was held promptly. *See United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (noting if motion requires a hearing, the entire time from filing of motion through date of hearing is excluded); *see also United States v. Parker*, 508 F.3d 434, 439 (7th Cir. 2007) (period between motion for detention and hearing on motion excluded as delay resulting from pretrial motion); *United States v. Moses*, 15 F.3d 774, 777 (8th Cir. 1994) (period from motion for detention to decision on motion after a hearing excluded from §3161(b) time to indict).[4] Defendant's Motion to Dismiss the Criminal Complaint on this basis is, therefore, **DENIED**.

Defendant alternatively moves for his release on the grounds that he has been in continuous detention without a trial since his arrest in violation of pursuant to 18 U.S.C. § 3164(c). Section 3164 provides that the trial "of a detained person who is being held in detention solely because he is awaiting trial. . . shall be accorded priority." 18 U.S.C. §

---

[4]The Court notes that this decision is limited to the issues raised in the parties' briefing as to whether to dismiss the charge in the Criminal Complaint for failing to secure an indictment within 30 days of Defendant's arrest as required under the Speedy Indictment provision of the Speedy Trial Act, 18 U.S.C. § 3161(b). Nothing in this Opinion and Order may be construed as a determination as to whether Defendant's right to a speedy trial under the Sixth Amendment and the Speedy Trial Act have been violated under the circumstances presented here.

3164(a)(1). Section 3164 also compels a court to commence the trial of any detained person "not later than ninety days following the beginning of such continuous detention . . . ." *Id.* at § 3164(b). The statute, however, expressly excludes "periods of delay enumerated in section 3161(h) in computing the time limitation" imposed by this provision. *Id.* Thus, for the same reasons outlined above, the time between Defendant's initial appearance in Indiana and the Court's resolution of the Government's oral motion for detention is excluded. Accordingly, Defendant's alternative request for release under 18 U.S.C. § 3164 is **DENIED**.

## IV.

For the foregoing reasons, Defendant's Motion to Dismiss for Violation of Speedy Trial Statute (ECF No. 5) is **DENIED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　／s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

**Date: October 17, 2017**